IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TERRELL WESTBROOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 15-2493-STA-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER TRANSFERRING SECOND § 2255 MOTION
TO SIXTH CIRCUIT COURT OF APPEALS

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Terrell Westbrook ("Westbrook"), Bureau of Prisons register number 22135-076, an inmate at FCI-Yazoo City in Yazoo City, Mississippi (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Westbrook's § 2255 Motion is transferred to the United States Court of Appeals for the Sixth Circuit.

**BACKGROUND**

**I.      Criminal Case No. 08-20113-1-BBD**

On March 18, 2008, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Westbrook and a co-defendant, charging Westbrook with one count of being a person previously convicted of a felony offense in possession of a firearm in violation of 18 U.S.C. § 922(g); one count of carjacking in violation of 18 U.S.C. § 2119; and one count of using or carrying a firearm during and in relation to a crime of violence in violation

of 18 U.S.C. § 924(c). (*See* Indictment, *United States v. Terrell Westbrook*, 2:08-cr-20113-1-BBD (W.D. Tenn.), ECF No. 1.) The Court appointed the Federal Public Defender to represent Westbrook, and Westbrook entered a plea of not guilty as to all counts. Thereafter, pursuant to an agreement with the United States, Westbrook changed his plea to guilty as to the carjacking and use of the firearm in a crime of violence counts at a change of plea hearing on November 25, 2008. The United States agreed to dismiss the felon in possession of a firearm count at sentencing. On April 21, 2009, the Court sentenced Westbrook to a term of imprisonment of 84 months on the firearms offense to be served consecutively to a term of 180 months imprisonment as to the carjacking count, both to be followed by three years supervised release. The Court also ordered Westbrook to make restitution in the amount of $1,092.15 and imposed a special assessment of $200. (*See* Judgment, ECF No. 129.) Westbrook appealed the Court's judgment, and on November 9, 2009, the Court of Appeals affirmed.

      B.      **Civil Case No. 14-2136-SHL**

On February 27, 2014, Westbrook filed a *pro se* § 2255 motion, arguing as his only ground for relief that the Court imposed his sentence in violation of the Sixth Amendment in light of the Supreme Court's decision in *Alleyne*. (*See* § 2255 Motion, no. 14-cv-02136-SHL-tmp (W.D. Tenn.), ECF No. 1.) On December 30, 2014, the Court entered an order denying Westbrook's § 2255 Motion, denied Westbrook a certificate of appealability, certified that any appeal would not be taken in good faith, and denied him leave to proceed *in forma pauperis* on appeal. Westbrook did not seek a certificate of appealability from the Sixth Circuit.

      **C. Motion to Reduce Sentence**

On July 27, 2015, Westbrook filed the *pro se* § 2255 motion now before the Court. (See § 2255, no. 15-cv-02493-STA-tmp (W.D. Tenn.), ECF No. 1.) In the memorandum attached to

his § 2255 motion, Westbrook requests a sentence reduction in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court held in *Johnson* that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Westbrook's memorandum is largely devoted to his argument that *Johnson* should apply retroactively. On August 7, 2015, this matter was transferred to the undersigned for all further proceedings.

### **STANDARD OF REVIEW**

Westbrook seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to

---

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id*.

reply to the government's response.[10] The habeas court may also direct the parties to provide additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

## ANALYSIS

The Court holds that Westbrook has not shown any entitlement to relief from this Court under 28 U.S.C. § 2255. The Court lacks the authority to consider a second or successive petition under § 2255. Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[13] A petitioner bringing a second or successive motion under § 2255 must first make a motion under 28 U.S.C. § 2244(b)(3) in the Court of Appeals "for an order authorizing the district court to consider the application."[14] Under § 2255(h), a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

---

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[13] 28 U.S.C. § 2244(a).

[14] § 2244(b)(3).

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[15]

This Court has already determined the legality of Westbrook's sentence in a prior case, civil case number 14-2136-SHL, where Westbrook first sought relief under § 2255. As such, Westbrook's § 2255 Motion filed in July 2015 is a second or successive petition. However, Westbrook has not shown that he made a motion for § 2244(b)(3) authorization with the Sixth Circuit prior to filing his second § 2255 Motion with this Court. Under the circumstances, the Court must transfer Westbrook's second petition to the Sixth Circuit. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."[16] Without certification from the Sixth Circuit allowing the Court to take up Westbrook's petition, the Court lacks authority to consider Westbrook's second § 2255 Motion. Therefore, under *United States v. Sims* and 28 U.S.C. § 1631, it is hereby **ORDERED** that the Clerk transfer the Motion to the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 19, 2016

---

[15] § 2255(h).

[16] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).